UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-20434

FRANCIS MINOZA and LAURENCE MINOZA,

        Plaintiffs,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong limited company and SHEIN DISTRIBUTION CORP., a Delaware corporation,

        Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

    Plaintiffs FRANCIS MINOZA and LAURENCE MINOZA, by and through their undersigned counsel, bring this Complaint against Defendants ZOETOP BUSINESS CO., LIMITED and SHEIN DISTRIBUTION CORP. for damages and injunctive relief, and in support thereof states as follows:

**JURISDICTION AND VENUE**

    1.    This is an action arising under the Copyright Act, 17 U.S.C. § 501.

    2.    This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

    3.    Defendants are subject to personal jurisdiction in Florida.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

5.      Plaintiffs FRANCIS MINOZA and LAURENCE MINOZA ("Plaintiffs") bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiffs' original copyrighted Work of authorship.

6.      Francis and Laurence Minoza are brothers who collaborate as graphic designers for their brand Nicebleed. They are experienced freelance artists from the Philippines who make a living by creating visual artworks. They create illustrations using all types of media through their inspiration from space, skulls, animals, nature, surrealism and pop culture. Plaintiffs sell their illustrations on sites such as https://society6.com/nicebleed/prints  and https://www.redbubble.com/people/nicebleed/shop. Plaintiffs retain all copyrights to their artworks and licenses their copyrighted Works for commercial use.

7.      Defendant ZOETOP BUSINESS CO., LIMITED is a Chinese limited Company with its principal place of business in Hong Kong S.A.R. that is doing business with the state of Florida.

8.      Defendant SHEIN DISTRIBUTION CORP. is a Delaware corporation that is doing business with the State of Florida.

9.      Defendants both do business in the U.S. as "Shein." Shein is known as the largest and fastest growing "fast fashion giant" retailer in the world.

10.     Shein was founded in 2008 and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends.

11.     Shein has quadrupled its revenue over the past three years reaching $15.7 billion dollars in sales and is seeking a $100 billion dollars in valuation of its company. Shein profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Shein reportedly adds over 1,000 new styles to its website every single day.

12.     Shein's success is largely attributed to its tech-driven approach, using artificial intelligence software that plugs trending styles from social media and across the internet directly into its computers on the factory floor.

13.     At all times relevant herein, Defendants together owned and operated the internet website in the U.S. located at the URL www.shein.com (the "Website").

14.     Defendants committed the violations alleged in connection with Shein's business for purposes of advertising and promoting sales to the public in the course and scope of the Shein's business.

## THE COPYRIGHTED WORK AT ISSUE

15.     In 2012, Plaintiffs jointly created the work known as "Landing of the Rising Sun." This work is shown below and referred to herein as the "Work."



The Work was inspired by the tragic events of the 2011 tsunami and earthquake in Japan.

16. The Work was registered with the Register of Copyrights on November 16, 2022 and was assigned registration number VA 2-329-857. The Certificate of Registration is attached hereto as **Exhibit 1.**[1]

17. Plaintiffs' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

18. At all relevant times, Plaintiffs were the joint owners of the Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

19. Defendants have never been licensed to use the Work at issue in this action for any purpose.

---

[1] Plaintiff has submitted a supplementary registration to correct the existing registration to include both joint authors on the Certificate of Registration, which is pending approval by the U.S. Copyright Office.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

21. On or about July 1, 2022, Plaintiffs discovered the unauthorized use of his Work on the Website.

22. Defendants copied the Work without Plaintiffs' permission.

23. After Defendants copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its fast fashion business.

24. Defendants copied and Plaintiffs' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

25. Plaintiffs' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

26. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2.**

27. Plaintiffs never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

28. Plaintiffs notified Defendants of the allegations set forth herein on September 30, 2022. To date, the Defendants have failed to resolve the parties' dispute.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Plaintiffs incorporate the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth therein.

30. Plaintiffs own a valid copyright in the Work at issue in this case.

31. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiffs' authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of its business activities.

33. Defendants' acts were willful.

34. Plaintiffs have been damaged.

35. The harm caused to Plaintiffs has been irreparable.

WHEREFORE, the Plaintiff FRANCIS MINOZA and LAURENCE MINOZA pray for judgment against the Defendants that:

   a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

   b. Defendants be required to pay Plaintiffs their actual damages and SHEIN's profits attributable to the infringement;

   c. Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

   d. Plaintiffs be awarded pre- and post-judgment interest; and

   e. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED: February 2, 2023                    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No: 98220
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar No.: 1024723
Layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff FRANCIS MINOZA and LAURENCE MINOZA*